UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

BRENDA S. FONTANEZ,

      Debtor.

Case No.: 6:18-bk-05412-KSJ
Chapter 7

---

ARVIND MAHENDRU,
as Chapter 7 Trustee of the estate of
BRENDA S. FONTANEZ,

      Plaintiff,

v.

WELLS FARGO BANK,
NATIONAL ASSOCIATION, d/b/a
WELLS FARGO CREDIT SERVICES,
      Defendant.

Adversary No.: 6:19-ap-00012-KSJ

---

## DEFENDANT WELLS FARGO BANK'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Wells Fargo Bank, N.A., ("Wells Fargo"), answers Plaintiff's, Arvind Mahendru, as Chapter 7 Trustee of the Estate of Brenda S. Fontanez ("Plaintiff"), Complaint and states:

### PRELIMINARY STATEMENT

1. Wells Fargo admits the allegations contained in paragraph 1 of the Complaint.

2. Wells Fargo states that the allegations contained in paragraph 2 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Wells Fargo admits that Plaintiff

purports to bring a cause of action against Wells Fargo pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), but Wells Fargo denies that Plaintiff is entitled to any of the relief sought or damages claimed in the Complaint.

## **JURISDICTION AND VENUE**

3. Wells Fargo states that the allegations contained in paragraph 3 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Wells Fargo denies the allegations contained in paragraph 3 of the Complaint. In addition, Wells Fargo states that the standing Order of Reference speaks for itself and Wells Fargo denies anything inconsistent therewith.

## **PARTIES**

4. Wells Fargo admits the allegations contained in paragraph 4 of the Complaint.

5. Wells Fargo states that the allegations contained in paragraph 5 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Wells Fargo states that it lacks knowledge and information sufficient to admit or deny the allegations contained in paragraph 4 of the Complaint, and therefore, denies the allegations and legal conclusions contained in paragraph 4 of the Complaint.

6. Wells Fargo admits that it is doing business in the State of Florida. Further, Wells Fargo states that the remaining allegations constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a

response required, Wells Fargo denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Wells Fargo admits the allegations contained in paragraph 7 of the Complaint.

8. Wells Fargo denies the allegations and legal conclusions contained in paragraph 8 of the Complaint.

9. Wells Fargo denies the allegations and legal conclusions contained in paragraph 9 of the Complaint.

### FACTUAL ALLEGATIONS

10. Wells Fargo admits Debtor owes it certain amounts. Wells Fargo denies the remaining allegations contained in paragraph 10 of the Complaint.

11. Wells Fargo states that the allegations contained in paragraph 11 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Wells Fargo denies the allegations and legal conclusions contained in paragraph 11 of the Complaint.

12. Wells Fargo admits only that certain phone calls were made to the Debtor. Wells Fargo denies the remaining allegations contained in paragraph 12 of the Complaint.

13. Wells Fargo admits only that certain phone calls were made to the Debtor. Wells Fargo denies the remaining allegations contained in paragraph 13 of the Complaint.

14. Wells Fargo admits only that certain phone calls were made to the Debtor. Wells Fargo denies the allegations contained in paragraph 14 of the Complaint.

15. Wells Fargo admits only that certain phone calls were made to the Debtor. Wells Fargo denies the remaining allegations contained in paragraph 15 of the Complaint.

16. Wells Fargo admits only that certain phone calls were made to the Debtor. Wells Fargo denies the remaining allegations contained in paragraph 16 of the Complaint.

17. Wells Fargo denies the allegations and legal conclusions contained in paragraph 17 of the Complaint.

## COUNT I
## VIOLATIONS OF § 559.72(7) OF THE FCCPA

18. Wells Fargo states that the allegations contained in paragraph 18 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Wells Fargo admits that Plaintiff purports to bring a cause of action against Wells Fargo pursuant to the FCCPA, but Wells Fargo denies that Plaintiff is entitled to any of the relief sought or damages claimed in the Complaint.

19. Wells Fargo repeats and realleges its responses asserted in paragraphs 1 through 17 of this Answer, as though fully set forth herein.

20. Wells Fargo states that the allegations contained in paragraph 20 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Wells Fargo denies the allegations and legal conclusions contained in paragraph 20 of the Complaint.

21. Wells Fargo states that the allegations contained in paragraph 21 of the Complaint purport to be a citation to and quotation of Fla. Stat. § 559.72(7). Wells Fargo

states that the referenced statute speaks for itself and denies any allegations inconsistent therewith.

22. Wells Fargo states that the allegations contained in paragraph 22 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Wells Fargo denies the allegations and legal conclusions contained in paragraph 22 of the Complaint.

23. Wells Fargo denies the allegations and legal conclusions contained in paragraph 23 of the Complaint and demands strict proof thereof.

24. Wells Fargo denies the allegations and legal conclusions contained in paragraph 24 of the Complaint.

25. Wells Fargo denies the allegations and legal conclusions contained in paragraph 25 of the Complaint.

Wells Fargo further denies the allegations in the WHEREFORE clause and also denies that Plaintiff is entitled to any of the relief sought or damages requested in the Complaint.

## COUNT II
### VIOLATIONS OF § 559.72(17) OF THE FCCPA

26. Wells Fargo states that the allegations contained in paragraph 26 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Wells Fargo admits that Plaintiff purports to bring a cause of action against Wells Fargo pursuant to the FCCPA, but Wells Fargo denies that Plaintiff is entitled to any of the relief sought or damages claimed in the Complaint.

27. Wells Fargo repeats and realleges its responses asserted in paragraphs 1 through 17 of this Answer, as though fully set forth herein.

28. Wells Fargo states that the allegations contained in paragraph 28 of the Complaint constitute legal conclusions to which no response is required. However, to the extent that this Court should deem a response required, Wells Fargo denies the allegations and legal conclusions contained in paragraph 28 of the Complaint.

29. Wells Fargo states that the allegations contained in paragraph 29 of the Complaint purport to be a citation to and quotation of § 559.72(17) Fla. Stat. Wells Fargo states that the referenced statute speaks for itself and denies any allegations inconsistent therewith.

30. Wells Fargo denies the allegations and legal conclusions contained in paragraph 30 of the Complaint.

31. Wells Fargo denies the allegations and legal conclusions contained in paragraph 31 of the Complaint and demands strict proof thereof.

32. Wells Fargo denies the allegations and legal conclusions contained in paragraph 32 of the Complaint.

33. Wells Fargo denies the allegations and legal conclusions contained in paragraph 33 of the Complaint.

Wells Fargo further denies the allegations in the WHEREFORE clause and also denies that Plaintiff is entitled to any of the relief sought or damages requested in the Complaint.

* * *

All other allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

Wells Fargo states the following defenses to Plaintiff's Complaint, without assuming the burden of proof on any such defense that would otherwise rest on the Plaintiff, and reserving the right to amend and/or supplement its responses to Plaintiff's allegations, as well as these avoidances and defenses, as additional information is obtained through the discovery process or otherwise.

### First Affirmative Defense

Wells Fargo asserts and alleges that at all times, Wells Fargo complied with applicable statutory, regulatory, and common law requirements. Accordingly, Plaintiff's claims are barred by Wells Fargo's compliance with all applicable state, federal, and local laws and regulations. This includes, but is not limited to, statutory defenses, including that Debtor provided Wells Fargo with "prior express consent."

### Second Affirmative Defense

Wells Fargo asserts that any violation was unintentional and the result of a bona fide error notwithstanding the maintenance of policies and procedures designed to avoid such error. Plaintiff is precluded from any recovery from Wells Fargo for a willful and knowing violation of the FCCPA because any such violation (which Wells Fargo denies occurred) would not have been willful and knowing.

### Third Affirmative Defense

Wells Fargo asserts that it is entitled to a setoff for the principal, interest, attorneys' fees and costs due to Debtor's default on the credit card agreement.

**McGUIREWOODS LLP**

By   /s/ Courtney A. McCormick
       Sara F. Holladay-Tobias (FL Bar No. 0026225)
       Emily Y. Rottmann (FL Bar No. 0093154)
       Courtney A. McCormick (FL Bar No. 92879)
       50 N. Laura Street, Suite 3300
       Jacksonville, Florida 32202
       (904) 798-3200
       (904) 798-3207 (fax)
       sfhollad@mcguirewoods.com
       erottmann@mcguirewoods.com
       cmccormick@mcguirewoods.com
       flservice@mcguirewoods.com
       fladmin@mcguirewoods.com

*Attorneys and Trial Counsel for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on February 27, 2019. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

Gus M. Centrone, Esq.
Brian L. Shrader, Esq.
Centrone & Shrader, PLLC
612 W. Bay Street
Tampa, FL 33606
gcentrone@centroneshrader.com
bshrader@centroneshrader.com

*Attorneys for Plaintiff*

                */s/ Courtney A. Mccormick*
                  Attorney

113537978v1